MARIA L. WHITE vs. LEVI A. DAME & others.

Suffolk.    January 17, 1900. — September 6, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Mortgage — Assignment — Equity.*

The evidence in this case, which was a bill in equity to redeem land from a mortgage alleged to have been assigned by the plaintiff to the defendant as collateral security, warranted a finding that the assignment was absolute.

BILL IN EQUITY, filed August 19, 1898, against Levi A. Dame, Oliver H. Flanders, and Jason E. Bailey, to redeem land in Milton and Quincy from a mortgage. Hearing before *Hammond, J.,* who entered a decree, from which the plaintiff appealed to the full court. The facts appear sufficiently in the opinion.

*C. F. Donnelly & A. E. Gage,* for the plaintiff.

*T. W. Proctor,* for the defendant Dame.

MORTON, J. This is a bill in equity to redeem land from a mortgage assigned, as the bill alleges, by the plaintiff at the request and for the accommodation of the defendant Flanders, and without any other consideration therefor, to the defendant Dame, as collateral security for the payment of a note of $1,200 given by Flanders to Dame. The bill also alleges that the mortgage was subsequently assigned by Dame to the defendant Bailey, that both Dame and Bailey took their respective assignments with full knowledge that the plaintiff was the equitable owner of the mortgage, and that Dame had full knowlege that the mortgage was assigned to him as collateral security and not absolutely. There are also allegations that the defendant Dame released to Flanders, who, as trustee, was the owner of the equity of redemption, certain lots in violation of the plaintiff's rights as the equitable owner of the mortgage.

The case was heard by a single justice, who entered a decree dismissing the bill with costs as to Dame, allowing the plaintiff to redeem from Bailey on payment on or before a certain date of the amount due him, otherwise the bill to be dismissed with costs as to him, and directing the bill to be retained as against

Flanders for the purpose of assessing the damages arising from the non-performance of a written agreement found to have been entered into between him and the plaintiff whereby he agreed to pay the note from Flanders to Dame, to secure which it was recited in the agreement the mortgage was assigned to Dame, and to cause the mortgage and mortgage note to be reassigned to the plaintiff.

The testimony was taken by a commissioner appointed for the purpose, and is before us. So much of the decree as relates to Bailey was entered by consent of the plaintiff. She has not argued that that portion of it which relates to Flanders is not correct. The only question which she has argued relates to the disposition of the bill as against Dame, and we assume, therefore, that the only objection on the part of the plaintiff to the decree is to that portion which directs the bill to be dismissed with costs as against Dame.

The plaintiff's right to relief as against Dame depends on her showing that she assigned the mortgage to him as collateral security, and that he took it as collateral security and not absolutely. On these points the evidence was contradictory. There was testimony tending to show that Dame had no knowledge of the agreement between Flanders and the plaintiff; that the assignment as at first prepared had in it the words "as collateral security," and that Dame refused to accept an assignment in that form or to accept anything less than an absolute assignment; and that the plaintiff's husband, who was present and acting for her, agreed that the mortgage should be assigned absolutely to Dame, and it was done with a provision in the instrument of assignment that the same should be without recourse in any event to the assignor or her legal representatives. Whatever as between Flanders and Dame may have been the effect in regard to the mortgage of the transaction which was entered into, it is plain, we think, that from the evidence above referred to, and from the other testimony in the case, that the court was warranted in finding that as between the plaintiff and Dame the assignment was intended to convey, and did convey, absolutely all of the rights of the plaintiff, and that Dame refused to accept an assignment on any other terms. It follows that the decree must be affirmed.  *So ordered.*